# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WILLIAM CLAY DANIELSON,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **NANCY A. BERRYHILL**, ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 6:16-cv-00694-JR <br><br> **FINDINGS AND RECOMMENDATION** |

**Russo, Magistrate Judge**:

William Danielson ("plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Because the Commissioner's decision is supported by substantial evidence, the decision should be AFFIRMED.

/////

## I. BACKGROUND

### A. The Application

Born in May 1963, plaintiff was 42 years old on his alleged disability onset date. Tr. 205. He completed the ninth grade and took special education classes. Tr. 210. He has past work experience in restaurants and a hotel, and as a security worker. Tr. 211. Plaintiff alleges disability due to bipolar disorder, degenerative disc disease, anxiety, PTSD, ADHD, separation of personalities, agoraphobia, history of hepatitis with cirrhosis, postal hypertension with varices, and asthma. Tr. 60-61, 209.

Plaintiff filed his applications on July 29, 2013, alleging disability as of December 1, 2005. Tr. 78-79, 205. After the Commissioner denied his applications initially and upon reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 80-101, 104-26. An administrative hearing was held on August 24, 2015. Tr. 7-42. On October 13, 2015, the ALJ issued a written decision finding plaintiff not disabled. Tr. 58-72. On February 19, 2016, the Appeals Council denied plaintiff's subsequent request for review, and the ALJ's decision became the final decision of the Commissioner. Tr. 1. This appeal followed.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." Keyser v. Comm'r Soc. Sec. Admin., 648 F.3d 721, 724 (9th Cir. 2011); see also 20 C.F.R. § 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI); Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in

> significant numbers in the national economy? If so, then the claimant is not disabled. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled.

Id. See also Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. Id. at 953; see also Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999); Yuckert, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. Tackett, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy "taking into consideration the claimant's residual functional capacity, age, education, and work experience." Id.; see also 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. Bustamante, 262 F.3d at 953-54; Tackett, 180 F.3d at 1099.

**C.   The ALJ's Decision**

The ALJ performed the sequential analysis. At step one, he found plaintiff had not engaged in substantial gainful activity since his alleged onset date. Tr. 60. At step two, the ALJ concluded plaintiff had the severe impairments of bipolar disorder, degenerative disc disease, anxiety, hepatitis with cirrhosis, and portal hypertension with varices. Id. At step three, the ALJ determined plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 61.

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and found that he retains the capacity to perform light work with the following limitations: he can lift and/or carry

Page 4 – FINDINGS AND RECOMMENDATION

20 pounds occasionally and 10 pounds frequently; he can stand and/or walk for six hours in an eight-hour workday with regular breaks; he can sit for six hours out of an eight-hour workday with regular breaks; he is unlimited with respect to pushing and/or pulling other than as indicated for lifting and/or carrying; he can perform simple, repetitive, routine tasks requiring no more than occasional interaction with co-workers and the general public; and he must avoid concentrated exposure to unprotected heights, moving machinery, and similar hazards. Tr. 62-63.

At step four, the ALJ found plaintiff is unable to perform any of his past relevant work. Tr. 69-70. At step five, the ALJ found plaintiff could perform jobs that exist in the national economy, including security guard, photocopy machine operator, and mail clerk. Tr. 70-71. The ALJ therefore concluded plaintiff was not disabled. Tr. 71-72.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." Bray v. Comm'r, 554 F.3d 1219, 1222 (9th Cir. 2009). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. See Batson v. Comm'r, 359 F.3d 1190, 1193 (9th Cir. 2004). "However, a reviewing court must consider the entire record as a whole and may not affirm

simply by isolating a specific quantum of supporting evidence." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. Id.; see also Bray, 554 F.3d at 1226.

## II. DISCUSSION

Plaintiff argues the Commissioner erred by (1) rejecting his subjective symptom testimony; (2) rejecting the opinion of treating mental health provider Ryan Cheney, MS, LPC; and (3) failing to address his cognitive difficulties in the RFC.

### A. Plaintiff's Testimony

Plaintiff first argues that the ALJ erred by rejecting his subjective symptom testimony. The Ninth Circuit established two requirements for a claimant to present credible symptom testimony: the claimant must produce objective medical evidence of an impairment or impairments; and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).

If the claimant satisfies this test and there is no affirmative evidence of malingering, the ALJ can reject the claimant's testimony only if the ALJ provides clear and convincing reasons for doing so. Parra v. Astrue, 481 F.3d 742, 750 (9th Cir. 2007). General assertions that the claimant's testimony is not credible are insufficient. Id. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." Id. (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)).

Plaintiff testified at the administrative hearing that he was unable to work primarily due to confusion and chronic illness. Tr. 20, 29-30. The ALJ rejected plaintiff's subjective symptom

Page 6 – FINDINGS AND RECOMMENDATION

testimony as not credible. Tr. 63-64. First, the ALJ found that plaintiff's testimony lacked objective support and conflicted with the medical record. Id. Minimal objective findings can undermine a claimant's credibility when other reasons are present for rejecting their testimony, Burch, 400 F.3d at 680-81, and the ALJ may reject a claimant's testimony when it conflicts with the medical record. Carmickle v. Comm'r, 533 F.3d 1155, 1165 (9th Cir. 2008). Here, the record revealed that plaintiff "received routine, conservative and non-emergent treatment since the alleged onset date."[1] Tr. 65. Specifically, the ALJ considered plaintiff's prison treatment records, which show consistently normal mental status examinations. Tr. 65, 340, 345, 348, 349. Further, Emily Harvey, M.D., observed in August 2013 that plaintiff had normal mood, affect, behavior, judgment, and thought content. Tr. 65, 402-03. Plaintiff also exhibited normal mental findings in October 2013, January 2014, and March 2014. Tr. 66, 389, 423, 427, 430, 434. His depression was stable in March 2015 following consistent presentation with normal mood and affect. Tr. 66, 539, 556, 584, 633. These findings support the ALJ's credibility determination because they contradict plaintiff's testimony that he suffers from consistent, debilitating confusion. Carmickle, 533 F.3d at 1165; Burch, 400 F.3d at 680-81.

As a second reason for rejecting plaintiff's testimony, the ALJ noted that plaintiff's symptoms were controlled with conservative treatment methods. Tr. 64. Impairments that can be controlled effectively with medication are not disabling for the purposes of determining eligibility for benefits. Warre v. Comm'r, 439 F.3d 1001, 1006 (9th Cir. 2006). Here, plaintiff reported to a treatment provider in March 2014 that medications helped control his symptoms. Tr. 422. Plaintiff also reported that his episodes of confusion diminished since he started taking Xifaxan. Tr. 22, 539, 630, 633, 786. On this record, it was reasonable for the ALJ to conclude

---

[1] While plaintiff argues that this statement is not part of the ALJ's credibility analysis, it is clearly linked to the ALJ's discussion of plaintiff's testimony. See Tr. 65.

Page 7 – FINDINGS AND RECOMMENDATION

that plaintiff's mental impairments were not as limiting as alleged in his testimony. Warre, 439

F.3d at 1006. The ALJ's credibility determination should be affirmed.

**B.      Opinion of Mr. Cheney**

Plaintiff next argues that the ALJ erred in discrediting the opinion of treating mental health provider Mr. Cheney. The ALJ must provide at least one "germane" reason for discounting the opinion of an "other source" such as a mental health provider. Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).

Mr. Cheney opined that plaintiff had moderate limitations in understanding and memory, moderate ability to maintain attention and concentration for extended periods. He opined that plaintiff was markedly limited in his ability to sustain a routine without special supervision, work in coordination with others, and complete a normal workday without interruptions. Mr. Cheney found extreme limitation in plaintiff's ability to complete a normal workweek without interruptions. Tr. 877-78.

The ALJ gave little weight to Mr. Cheney's opinion because he relied heavily on plaintiff's discredited subjective symptom reports. Tr. 69. An ALJ may reject an opinion that is based primarily on a claimant's subjective statements if the ALJ properly found those statements not credible. Morgan v. Comm'r, 169 F.3d 595, 602 (9th Cir. 1999). Here, Mr. Cheney's treatment notes consistently describe plaintiff as cooperative and engaged, and contain minimal objective information to support his findings of severe limitations. Tr. 728-35. On this record, it was reasonable for the ALJ to infer that Mr. Cheney's opinion that plaintiff was severely limited was based primarily on plaintiff's subjective statements. Because the ALJ properly rejected plaintiff's testimony, he was entitled to reject Mr. Cheney's opinion as based on plaintiff's discredited statements. Morgan, 169 F.3d at 602. The ALJ provided a germane reason for

rejecting Mr. Cheney's opinion and therefore his opinion should be affirmed. Molina, 674 F.3d at 1111.

C.   **Cognitive Difficulties in the RFC**

Finally, plaintiff argues the ALJ erred by omitting his cognitive difficulties from the RFC. In determining a claimant's RFC, the ALJ is required to evaluate "all the relevant evidence in [the claimant's] case record," including the medical records, opinions of treating physicians, and the claimant's own description of his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ need only incorporate into the RFC credible limitations consistent with the medical record and supported by substantial evidence. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008).

Here, the ALJ incorporated plaintiff's credible cognitive limitations into the RFC by limiting him to simple, repetitive, routine tasks requiring no more than occasional interaction with co-workers and the general public. Tr. 62-63. Plaintiff has failed to show that the ALJ erred by omitting further mental limitations from the RFC. The record shows that while plaintiff complained of confusion in August 2014, he reported improvement after taking medication. See Tr. 538-39 (treatment note that plaintiff presented with normal mood and affect and reported that he is "better on Xifaxan"), 544, 633. Further, Dr. Harvey noted that plaintiff's mini mental status exam was "almost perfect" in February 2015, and in August 2014 examined a CT of plaintiff's head that was unremarkable. Tr. 577, 595. In March 2015, both plaintiff and his girlfriend reported that his confusion and memory symptoms had improved. Tr. 584. On this record, the ALJ reasonably interpreted the evidence of plaintiff's cognitive limitations and properly accounted for them in the RFC. Tr. 62-63. The ALJ's decision was free of harmful error and should therefore be affirmed. Stubbs-Danielson, 539 F.3d at 1174.

## II. RECOMMENDATION

The Commissioner's decision is supported by substantial evidence in the record and should therefore be AFFIRMED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 19th day of April 2017.

 s/Jolie A. Russo
JOLIE A. RUSSO
United States Magistrate Judge