IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM DANIELSON,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

Case No. 6:16-cv-0694-JR

ORDER

_____

MCSHANE, Judge:

    Magistrate Judge Jolie Russo filed a Findings and Recommendation (ECF No. 18), and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Plaintiff filed objections to the Findings and Recommendation. Accordingly, I have reviewed the file of this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). I conclude the report is correct.

1 – ORDER

Plaintiff objected to the F&R arguing the Magistrate Judge engaged in post-hoc rationalization. A court may not "affirm the decision of an agency on grounds that the agency did not invoke in making its decision." *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). I find that Judge Russo did not engage in post-hoc rationalization when recommending to uphold the ALJ's credibility analysis on the ALJ's findings and determination.

The ALJ rejected plaintiff's subjective symptom testimony that he suffers from consistent, debilitating confusion as not credible (Tr. 63-64) because, as the ALJ found, plaintiff's testimony lacked objective support and conflicted with the medical record. *Id*. The ALJ's credibility analysis described plaintiff as receiving only "routine, conservative and non-emergent treatment since the alleged onset date." Tr. 65. The ALJ considered plaintiff's prison treatment records showing normal mental status examinations, records of Emily Harvey, M.D. showing normal mood, affect, behavior, judgment and thought content, and other repeated normal mental findings. Tr. 65-66. These findings support the ALJ's credibility determination because they contradict plaintiff's testimony.

Judge Russo's analysis is also correct with regards to the weight given to Mr. Cheney's opinion and the cognitive difficulties incorporated in the RFC. First, the ALJ gave little weight to Mr. Cheney's opinion because Mr. Cheney relied heavily on the plaintiff's subjective symptom reports in reaching his conclusions. *Morgan v. Comm'r*, 169 F.3d 595, 602 (9th Cir. 1999). Because the ALJ properly discredited plaintiff's subjective symptom reports, the ALJ had a germane reason to reject Mr. Cheney's opinion based on plaintiff's discredited statements. Second, the ALJ correctly incorporated plaintiff's credible cognitive limitations into the RFC by

limiting him to simple, repetitive, routine tasks requiring no more than occasional interaction with co-workers and the general public. Tr. 62-63.

I adopt the Findings and Recommendation (ECF No. 18). The Commissioner's decision is supported by substantial evidence in the record and is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this 31st day of May, 2017.

_____/s/ Michael J. McShane_____
**Michael J. McShane**
**United States District Judge**